# Dougherty *versus* Thayer *et al.*

1. The motion, &c., for a rule on garnishees under the 56th sect. of June 13th 1836 (Attachments), may be regulated by a standing order under the power of the court to regulate its practice.

2. The rule on the garnishee to answer is of right, not of discretion.

3. A general rule is a standing order to accept the motion and grant it whenever asked for in a prescribed form of practice.

March 24th 1875.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas of *Elk county :* Of January Term 1875, No. 195.

On the 22d of May 1874, H. S. Thayer and James H. Hagerty, partners, &c., issued an attachment execution against L. F. & H. Powers, in which S. Z. Dougherty, and others who were not served, were the garnishees.   On the 28th of December 1874, the plaintiffs filed interrogatories, and entered a rule on the garnishee to answer in twenty days.

[Dougherty *v*. Thayer.]

The interrogatories were filed and the rule to answer taken under the standing rules of the Court of Common Pleas of Elk county. The rules provide that in attachment executions, &c., the plaintiff may " enter a rule of course for the garnishee to answer on or before a day named in the rule, not less than ten days after the service of the rule and copies of the interrogatories ; and upon failure of the garnishee to answer within the time specified, judgment may be taken against him on motion in court as in case of default."

The interrogatories and rule were duly served.

On the 28th of January 1875, the garnishee moved to strike off the interrogatories and rule to answer, because the rule was not granted by the court, as required by the Act of Assembly, June 13th 1836, sect. 56, Pamph. L. 584, 1 Br. Purd. 719, pl. 17. The act provides that after filing the interrogatories the court shall " upon motion of the plaintiffs, grant a rule upon the garnishee to appear before said court, at the time and place in such rule to be named, and there to exhibit in writing * * * answers to the interrogatories of the plaintiff." * * *

The rule to strike off the interrogatories and rule was refused.

On the same day the plaintiff moved for judgment for want of answers to the interrogatories. The motion was granted and judgment entered for the plaintiff, which was afterwards liquidated by the prothonotary at $2690.66.

The garnishee, Dougherty, took a writ of error. He assigned for error, the refusal to strike off the interrogatories and rule, and entering judgment for the plaintiff.

*H. Souther* (with whom was *G. A. Rathbun*), for plaintiff in error.—The process for collecting judgments by attaching debts is statutory, and the statute must be strictly pursued : Arna's Appeal, 15 P. F. Smith 72; Moyer *v*. Kirby, 14 S. & R. 164; Act of March 21st 1806, sect. 13, 4 Sm. Laws 332 ; 1 Br. Purd. 58, pl. 5. The duty as to the interrogatories and rule to answer is imposed upon the court, and cannot be substituted by a standing rule : Ringwalt *v*. Brindle, 9 P. F. Smith 51.

*J. G. Hall* (with whom was *C. H. McCauley*), for defendants in error, cited Wiener *v*. Davis, 6 Penna. Law Jour. 567.

Judgment was entered in the Supreme Court, March 29th 1875,

PER CURIAM.—The 56th section of the act relating to foreign attachments makes it the duty of the court, after filing interrogatories " upon the motion of the plaintiff to grant a rule upon the garnishees to appear," &c., to make answer. It is not said the motion shall be in open court. It is, therefore, a motion which the court may regulate by its standing order, under the power con-

[Dougherty *v.* Thayer.]

ferred in the 21st section of the Act of 16th June 1836 (Brightly 233, pl. 136), to regulate the practice of the court, and expedite business.  How the motion shall be made is a matter of practice merely.  The rule on the garnishee to answer is of right and not of discretion.  It is therefore in the power of the court to prescribe the practice by a standing order, that on filing the præcipe for the rule in the prothonotary's office, the rule on the garnishee shall issue as of course.  A general rule is a standing order to accept the motion, and grant it whenever asked for in a prescribed form of practice.  There is no inconsistency between rule and the law in this instance.  Had the law said the motion should be made in *open* court, the case would have been different; for then the court could accept the motion only in open court, and not in the office.  We perceive no error in this case.

Judgment affirmed.